IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JUSTIN S. ASHLEY,

    Plaintiff,

v.

RONNIE SHUEMAKE; CARLTON MURPHY; and CALO WATKINS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-53

## ORDER

Presently before the Court are the parties' Objections to the Magistrate Judge's Report and Recommendation. (Docs. 38, 40). After an independent and *de novo* review of the entire record, the undersigned concurs with the July 20, 2016, Report and Recommendation, (doc. 36). Accordingly, the Court **OVERRULES** the parties' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.

## BACKGROUND

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 contending that Defendants violated his constitutional rights when they sprayed him with pepper spray. (Doc. 1.) The Court conducted the requisite frivolity review, (doc. 16), and Defendants subsequently filed a Motion to Dismiss, (doc. 23). Plaintiff then filed an Amended Complaint, (doc. 27), and Defendants also filed a Motion to Dismiss the Amended Complaint, (doc. 29). The Magistrate Judge recommended granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint.[1] (Doc. 36.)

---

[1] The July 20, 2016, Report and Recommendation never directly addressed Defendants' First Motion to Dismiss, (doc. 23). The Court now **DISMISSES as moot** Defendants' First Motion to Dismiss,

## DISCUSSION

Each of the parties filed Objections to the Magistrate Judge's Report and Recommendation. (Docs. 38, 40.) Plaintiff objects that the Magistrate Judge dismissed his compensatory and punitive damages claims. (Doc. 40, p. 1.) However, Plaintiff's Objection simply re-alleges the same facts found in his Amended Complaint, and Plaintiff does not provide any other information to indicate he suffered more than a *de minimis* injury at the hands of Defendants. Accordingly, the Court **OVERRULES** Plaintiff's Objections for the reasons already set forth in the Magistrate Judge's Report and Recommendation.

Defendants object to the Magistrate Judge's recommendation that Plaintiff be allowed to proceed on his First Amendment retaliation claim against all Defendants, his Eighth Amendment failure-to-intervene claims against Defendants Watkins and Shuemake, and his supervisory liability claims against Defendant Shuemake. (Doc. 38, p. 2.) The bulk of Defendants' Objections relate to the "Magistrate Judge's interpretation of Plaintiff's allegations" as more than just conclusory statements. (Id. at p. 7.) However, the Court reminds Defendants that, at this Motion to Dismiss stage of the litigation, Plaintiff's claims are held to the lighter "plausibility" pleading standard. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). Furthermore, as this Court stated in its initial frivolity review, "the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than

---

(doc. 23), due to the filing of Plaintiff's Amended Complaint, (doc. 27). Perkins v. Kushla Water Dist., No. CIV.A. 13-00286-KD-B, 2013 WL 4511329, at *1 (S.D. Ala. Aug. 23, 2013) ("Because Plaintiff's amended complaint is now the operative pleading in this action; Defendants' motion [to dismiss] is moot.") (citing Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); DeSisto College v. Line, 888 F.2d 755, 757 (11th Cir. 1983); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1297 (S.D. Fla. 2002)).

those drafted by attorneys, and therefore, must be liberally construed." (Doc. 16, p. 3.) Under these standards, Plaintiff's allegations provide sufficient detail to overcome the plausibility standard.

The Court also specifically addresses Defendants' contentions that Plaintiff failed to exhaust his administrative remedies. Defendants argue that Plaintiff has not exhausted his available administrative remedies as to his First Amendment retaliation claims because Plaintiff does not specifically allege in his grievance that "force was used in retaliation for his exercise of protected speech." (Doc. 38, p. 5.) However, the very first sentence in Plaintiff's grievance is, "[A]fter exercising my First Amendment rights to 'Freedom of Speech' . . . [Defendants] called me to the front of my cell . . . and sprayed me with an extended burst/s of O.C." (Doc. 23-2, p. 29.) Although Plaintiff may not have used the word "retaliation," the sequence of events makes it clear that Plaintiff is describing a scenario where he was allegedly retaliated against for exercising his "Freedom of Speech" rights.

Furthermore, "it is the prison's requirements, and not the PLRA ["Prison Litigation Reform Act"], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). As the Magistrate Judge explained, Plaintiff clearly met the specificity requirements laid out by the grievance policy of Georgia State Prison ("GSP"). (Doc. 36, p. 6.) Defendants argue that Plaintiff did not use the same level of specificity in describing his First Amendment claim as the other claims in the grievance form. However, GSP's grievance policy does not require prisoners to maintain a consistent level of specificity throughout their grievance filings. (Doc. 38, pp. 4–5.) As the Eleventh Circuit stated, "[t]he exhaustion requirement, allowing prison officials to address complaints in the first instance, is satisfied as long as the inmate's grievance provides sufficient detail to allow prison officials to investigate the alleged incident."

Maldonado v. Unnamed Defendant, 648 F. App'x 939, 953 (11th Cir. 2016), *petition for cert. filed*, No. 16-6172, ___ U.S. ___ (Sept. 26, 2016). Plaintiff not only provided enough information to allow prison officials to investigate the incident, Plaintiff also satisfied the specificity requirements of GSP's grievance policy.

Defendants also make the argument that the portion of their Motion to Dismiss dealing with exhaustion should be "treated as unopposed" and granted because Plaintiff did not address their specific argument in his Response. (Doc. 38, p. 6.) However, the Federal Rules of Civil Procedure and this Court's Local Rules,[2] do not state that the Court must consider a portion of a motion to dismiss as unopposed when the non-moving party does not specifically address that portion.[3] Moreover, Plaintiff stated in his response that he opposed the Motion to Dismiss in its entirety. (Doc. 32, pp. 1, 19.) Therefore, in this case, particularly taking into consideration Plaintiff's *pro se* status, the Court finds it prudent to address the merits of Defendant's exhaustion arguments rather than treating those arguments as unopposed. Furthermore, the Court concurs with the Magistrate Judge's analysis of Plaintiff's exhaustion efforts.

Thus, for the reasons stated in the Magistrate Judge's Report and Recommendation and set forth above, the Court **OVERRULES** Defendants' Objections.

---

[2] Local Rule 7.5—to which Defendants cite—simply states that, "[E]ach party opposing a motion shall serve and file a response . . . . Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." This Local Rule does not provide that a plaintiff must respond to each portion of the Motion to Dismiss to indicate that he opposes it.

[3] The case citation that Defendants provide in support of their argument is less than helpful. Defendants cite to Sampson v. Fulton Cty. Jail, 157 F. App'x 242 (11th Cir. 2005), for the proposition that the Eleventh Circuit upheld "dismissal of certain claims as unopposed" and "constru[ed] a failure to respond as indicating the argument is unopposed." (Doc. 38, p. 6.) However, in that case, there were two separate motions to dismiss, each filed by a different defendant. Sampson, 157 F. App'x at 242. The plaintiff in that case filed no response at all to either motion, but the Eleventh Circuit upheld dismissal of just the second motion because the *pro se* plaintiff had not been notified that he was required to respond to show opposition to the first motion. This case does not support the idea that a plaintiff must include an itemized rebuttal response to each of the arguments he opposes in a motion to dismiss.

## CONCLUSION

The Court **OVERRULES** the parties' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, Defendants' Motion to Dismiss, (doc. 29), is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's claims as to the Fourteenth Amendment due process claims, excessive force claims against Defendants Shuemake and Watkins, failure to intervene claims against Defendant Murphy, and all deliberate indifference claims. The Court also **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for compensatory and punitive damages. However, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiff's First Amendment retaliation claims, failure to intervene claims against Defendants Shuemake and Watkins, supervisor liability claim against Defendant Shuemake, and Defendants' qualified immunity arguments.

**SO ORDERED**, this 25th day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA