IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JUSTIN S. ASHLEY,

    Plaintiff,

v.

RONNIE SHUEMAKE; CARLTON MURPHY; and CALO WATKINS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-53

## ORDER

Presently before the Court is Plaintiff's Objections, (doc. 48), to the Court's Order dated October 25, 2016, (doc. 44). The Court construes Plaintiff's Objections as a Motion for Reconsideration of the Court's October Order.[1] For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## BACKGROUND

In its October 25, 2016, Order, the Court adopted the Report and Recommendation of the Magistrate Judge over Plaintiff's and Defendants' Objections. (Doc. 48.) The Court granted in part and denied in part Defendants' Motion to Dismiss, (doc. 29). Plaintiff's First Amendment retaliation claims, failure to intervene claims against Defendants Shuemake and Watkins, and supervisor liability claim against Defendant Shuemake survived Defendants' Motion to Dismiss.

---

[1] "Courts generally 'must look beyond the labels of [filings] by *pro se* [parties] to interpret them under whatever statute would provide relief.'" Edwards v. Hastings, No. 2:14-CV-41, 2016 WL 686386, at *1 (S.D. Ga. Feb. 18, 2016) (quoting Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original)) (citing Means v. Ala., 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Ga., 618 F. App'x 610, 611–12 (11th Cir. 2015)).

However, the Court dismissed Plaintiff's Fourteenth Amendment due process claims, excessive force claims against Defendants Shuemake and Watkins, failure to intervene claims against Defendant Murphy, and all deliberate indifference claims.

In his instant Motion, Plaintiff objects to the Court's dismissal of his claims for compensatory and punitive damages. (Doc. 48, p. 1.) In support, he provides, along with a reiteration of his Objections to the Motion to Dismiss and Magistrate Judge's Report and Recommendation, several anecdotal examples of "incidents where officers at Georgia State Prison experienced the effects of pepperspray [sic] and each needed 'immediate' medical attention." (Doc. 48, p. 2.)

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion for Reconsideration. Here, Plaintiff does not present any newly discovered evidence or manifest errors of law or fact.

Plaintiff simply reasserts the arguments from his previous Objections and provides unsupported anecdotes of prison guards receiving medical treatment for pepper spray and alleged CERT officer abuses with pepper spray. The Court already discussed at length the law supporting its holding that Plaintiff cannot recover compensatory and punitive damages. (Doc. 36, pp. 6–9.) The Court sees no error in that analysis, much less clear error warranting reconsideration.

## CONCLUSION

For all of the above-stated reasons, as well as those included in the Court's prior Order and the Magistrate Judge's Report and Recommendation, the Court **DENIES** Plaintiff's Motion for Reconsideration, (doc. 48). The Court's Order dated October 25, 2016, (doc. 44), remains the Order of the Court.

**SO ORDERED**, this 22nd day of December, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3